IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ABBOTT, # S-07576, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1105-JPG |
| | ) |
| JOHN D. LAKIN, | ) |
| DEPUTY LeMARR, | ) |
| DEPUTY LT. HILL, | ) |
| and DEPUTY TASSONE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Graham Correctional Center ("Graham"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He raises claims of failure to protect and deliberate indifference to medical needs, based on incidents that occurred while he was detained at the Madison County Jail. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

Plaintiff states that on or about February 16, 2016, he told Lt. Hill and Deputy LeMarr that another inmate (Cole) had threatened him. (Doc. 1, p. 4). Plaintiff asked to be moved away from Cole for his own safety. Hill and LeMarr responded that Plaintiff would "have to work it out," and Plaintiff was not moved. *Id*.

On February 23, 2016, at 9:40pm, Cole attacked Plaintiff. He placed Plaintiff in a choke hold and ran his head into a metal bar. Plaintiff suffered a deep, 3-inch-long cut on his skull.

Deputy LeMarr initially gave Plaintiff no medical assistance, and left to finish his rounds. He later returned with Lt. Hill and Deputy Tassone. Plaintiff asked to be moved away from the other inmates, and reported that Cole had attacked him.

Tassone took Plaintiff to the infirmary. (Doc. 1, p. 5). Plaintiff asserts that Tassone knew that the "gash" in Plaintiff's head required stitches, but failed to take him to the hospital. *Id.* Instead, somebody put butterfly bandages on the wound and told him to "wait." *Id.*

Plaintiff asserts three claims based on these facts: Failure to protect; failure to provide medical treatment; and forcing him to sleep on the floor with a head injury after the attack. (Doc. 1, p. 6). He seeks monetary damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

>	**Count 1:** Claim against Hill and LeMarr for failing to protect Plaintiff from the attack by inmate Cole;
>
>	**Count 2:** Claim against LeMarr, Hill, and Tassone for failing to obtain prompt medical treatment for Plaintiff after the attack;
>
>	**Count 3:** Claim for subjecting Plaintiff to unconstitutional conditions of confinement, for requiring him to sleep on the floor after suffering a serious head wound.

Counts 1 and 2 shall proceed for further review against some of the Defendants. Count 3 shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1 – Failure to Protect**

Plaintiff was housed in the Madison County Jail when his claims arose. This suggests that he was a detainee awaiting trial; however, the Complaint does not reveal Plaintiff's status. Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Jail and prison officials have a duty to protect prisoners from violence caused by other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. Liability attaches only where the officer was aware that the prisoner faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Borello*, 446 F.3d at 747 (quoting *Farmer*, 511 U.S. at 847). A plaintiff also must prove that corrections officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to those officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Conduct that amounts merely to negligence or inadvertence is not enough to state a claim. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)). Thus, to prevail on the claim in Count 1, Plaintiff must show first that he was at risk of harm, and that the defendants

knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

In Plaintiff's case, he asserts that he informed LeMarr and Hill about Cole's threats against him. He asked to be moved, but LeMarr and Hill failed to take any steps to protect Plaintiff. Cole then carried out the threat to attack Plaintiff. Regardless of whether the Eighth or Fourteenth Amendment applies to Plaintiff's claim, the Complaint pleads sufficient facts to proceed for further review of **Count 1** against Hill and LeMarr.

### Count 2 – Deliberate Indifference to Serious Medical Need

As discussed above in Count 1, pre-trial detainees are not covered by the Eighth Amendment. A detainee's claim for deliberate indifference to medical care is considered under the due process clause of the Fourteenth Amendment. Nonetheless, detainees are entitled to the same sort of protection against deliberate indifference as convicted inmates. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).

To state a claim for deliberate indifference to medical care, a prisoner must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson*, 300 F.3d at 764-65. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Based on Plaintiff's description, he had a sizeable gash on his head, which was bleeding and clearly required medical attention. However, LeMarr initially did nothing to help Plaintiff, and made him wait for an undetermined period of time before he summoned Hill and Tassone. LeMarr's initial inaction and delay in obtaining treatment may indicate deliberate indifference on his part. Therefore, Count 2 shall proceed against LeMarr.

Plaintiff states that Tassone took him to the infirmary, but decided not to take Plaintiff to the hospital for treatment, despite Plaintiff's claim that stitches were required to close the wound. Tassone's actions indicate that he may have caused further delay in obtaining necessary treatment for Plaintiff's injury. Further factual development will be required in order to determine whether Tassone was deliberately indifferent to Plaintiff's condition; thus Count 2 shall also proceed against him.

As for Hill, Plaintiff states only that he was present at Plaintiff's cell with LeMarr and Tassone. Plaintiff does not claim that Hill accompanied him to the infirmary or had any part in the alleged delays in providing him with medical care. For this reason, Hill shall be dismissed from Count 2 without prejudice. **Count 2** shall proceed only against LeMarr and Tassone.

### Dismissal of Count 3 – Unconstitutional Conditions of Confinement

As with the above claims, the Fourteenth and Eighth Amendment standards for evaluating whether a prisoner has been held under conditions that violate his constitutional rights are similar. Pre-trial detainees are afforded "*at least* as much protection as the constitution

provides convicted prisoners," *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005) (emphasis in original) (internal quotations and citations omitted). The Seventh Circuit has generally applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *Id*. Thus, for "cruel and unusual punishment" claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to take reasonable measures to abate it. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In the case at bar, Plaintiff asserts that his constitutional rights were violated when he was made to sleep on the floor after he suffered the head wound in the assault by inmate Cole. However, regardless of whether this claim arises under the Fourteenth or Eighth Amendment, it is subject to dismissal. First, Plaintiff does not provide sufficient facts to determine whether the sleeping arrangements subjected him to a risk of serious harm – for example, he does not state whether he had to sleep on the floor for one night or several; he does not describe what bedding he had or did not have, and he does not include any other facts to suggest that the conditions were harmful rather than merely uncomfortable or undesirable. As such, the Complaint fails to indicate that a constitutional violation occurred.

Moreover, Plaintiff fails to indicate which of the Defendants made the decision to have him sleep on the floor. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the

complaint, if any, are directed against him. The Complaint does not associate any Defendant with the actions underlying Count 3.

For these reasons, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Dismissal of Lakin

Finally, Plaintiff fails to state a claim against Sheriff Lakin. While Lakin is named as a Defendant, Plaintiff does not mention him at all in the statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Lakin thus cannot be held liable for the actions of the other Defendants whom he supervised. Nowhere does the Complaint include facts to suggest that Lakin was "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Lakin shall be dismissed from this action without prejudice.

### Disposition

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **LAKIN** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for **LeMARR, HILL,** and **TASSONE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

Case 3:16-cv-01105-JPG-RJD   Document 9   Filed 02/08/17   Page 10 of 10   Page ID #37

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2017**

s/J. Phil Gilbert
United States District Judge

10