IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ABBOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-1105-JPG-RJD |
| ) | |
| JOHN LAKIN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Disqualify Defense Counsel from Representing Third-Party Madison County Sheriff's Office and to Compel Response to Subpoena (Doc. 63). Defendants filed a Response (Doc. 64).

On August 17, 2018, Plaintiff served upon Madison County a subpoena for records. The subpoena included 46 requests for documents such as policies and procedures, training materials, and records regarding the February 23, 2016 incident involving Plaintiff. Counsel for Defendants are represented by attorneys Heidi Eckert, Adam Doerr, and Thomas Chibnall, from the law firm of Jackson Lewis, P.C. Upon receipt of the subpoena, Madison County Sheriff's Office provided the subpoena to its attorney, Heidi Eckert of Jackson Lewis, P.C. Counsel for Defendants intends to continue representing Defendants and represent Madison County in response to Plaintiff's subpoena. Plaintiff alleges the representation creates a conflict of interest and that Madison County's production should be handled in an entirely independent, nonbiased manner, without consideration to how materials might impact Defendants' case. Plaintiff seeks to have the

Jackson firm disqualified from representing Madison County in this action.

A motion to disqualify counsel requires a two-step analysis where a court (1) considers whether there is an ethical violation and if so, then, (2) determines whether disqualification is appropriate to remedy the violation. *alfaCTP Sys., Inc. v. Nierman*, No. 15-cv-9338, 2016 WL 687281, at *4 (N.D. Ill. Feb. 19, 2016). Under Rule 1.7(a)(1), "[a] concurrent conflict of interest exists if (1) the representation of one client will be directly adverse to another client." Ill. R. Prof. Conduct 1.7. Disqualification of counsel is a "drastic measure" imposed only "when absolutely necessary." *Black Rush Mining, LLC v. Black Panther Mining*, 840 F. Supp. 2d 1085, 1089 (N.D. Ill. 2012) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)). Because disqualification deprives a party of the representation of their choice, disqualification motions—although sometimes legitimate and necessary—are "viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). "There must be solid evidence to support an allegation of conflict." *Fematt v. Finnigan*, No. 11-cv-1530, 2012 WL 3308759, at *2 (N.D. Ill. Aug. 13, 2012). The moving party therefore bears a heavy burden of proving the facts required for disqualification. *alfaCTP Sys., Inc.*, 2016 WL 687281, at *4; *Guillen v. City of Chicago*, 956 F. Supp. 1416, 1421 (N.D. Ill. 1997).

Plaintiff asserts that producing Madison County's policies, procedures, and rules regulating the behavior and responsibilities of corrections officers, may be directly adverse to representing Defendants in this matter. Defendants assert the relationship between their representation and that of Madison County is symbiotic, not adverse. Defendants state that several of the policies, procedures and rules Plaintiff seeks from Madison County Sheriff's Office have already been produced as those requests overlapped with Plaintiff's requests for production of documents to

Defendants. Counsel for Defendants argue it is not sound, logical, or professional to suggest Jackson Lewis would withhold information in responding on behalf of Madison County Sheriff's Office because it represents Defendants.

Plaintiff has failed to show how responding to the subpoena issued to Madison County Sheriff's Department will be directly adverse to Jackson Lewis' representation of Defendants. Plaintiff has provided no evidence to demonstrate that an actual conflict exists. The Court declines to deprive Madison County of their representation of choice and disqualify Jackson Lewis. If Plaintiff believes that a response or production is not entirely forthcoming, Plaintiff has recourse through the Court in the form of a motion to compel.[1]

**IT IS SO ORDERED.**

**DATED:   November 1, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] The Court notes that the title of Plaintiff's motion included a motion to compel, however, Plaintiff's counsel admitted that they had not met and conferred with counsel for Madison County regarding any non-compliance with the subpoena. Plaintiff is instructed to meet and confer with counsel for Madison County to narrow the issues prior to filing a motion to compel.