IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES ABBOTT,
Plaintiff,

v.

Case No. 16–CV–01105–JPG–RJD

DEPUTY LEMARR and
DEPUTY LT. HILL,
Defendants.

# ORDER

## I. INTRODUCTION

This is a civil-rights action brought by a pretrial detainee under 42 U.S.C. § 1983. Plaintiff James Abbott contends that Defendants Deputy LeMarr and Deputy Lt. Hill failed to protect him from an attack from an inmate (Count 1). Plaintiff also argues that Defendant LeMarr failed to provide him with prompt medical treatment after the attack (Count 2). Defendants filed a joint motion for summary judgment. Magistrate Judge Daly issued a Report and Recommendation (R&R) recommending that the Court deny summary judgment on Count 1 and grant summary judgment on Count 2. Plaintiff objected to the latter recommendation, prompting de novo review.[1] Because Plaintiff failed to present evidence of injury caused by the delay, the Court **ADOPTS** Magistrate Judge Daly's R&R **AS MODIFIED BY THIS ORDER** and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment.

## II. PROCEDURAL & FACTUAL HISTORY

In February 2016, Plaintiff—a pretrial detainee—had a physical altercation with an inmate. (ECF No. 90 at 6). Plaintiff was thrown into the steel bars of a jail cell, went unconscious, and awoke with a one and one-half inch laceration on his head. (ECF No. 90 at 6–7).

---

[1] Since Plaintiff only objected to Magistrate Judge Daly's second recommendation, and finding no clear error, the Court adopts the R&R's factual and legal findings regarding Count 1.

Approximately five minutes later, Plaintiff contends that he stopped Defendant LeMarr as he walked past. (ECF No. 90 at 7). Plaintiff did not want to talk about the fight in front of the other members of the cell block, so Plaintiff told Defendant LeMarr that he had a seizure and hit his head as he went unconscious. (ECF No. 90 at 8). Defendant LeMarr told Plaintiff that he would come back when he completed his rounds. (ECF No. 90 at 7). Defendant Hill and Deputy Tassone arrived "ten to fifteen minutes later" and tended to Plaintiff. (ECF No. 90 at 9).

Plaintiff was escorted to the shower, instructed to wash his head, and given a new jumpsuit. (ECF No. 90 at 16). It was there that Plaintiff revealed that he lied about having a seizure. (ECF No. 95–3 at 3). The bleeding stopped, (ECF No. 95–8 at 8), and Deputy Tassone applied a Steri-Strip bandage[2] on the laceration, (ECF No. 95–8 at 6). The process was repeated when the wound reopened "an hour or two later," and the bleeding stopped again. (ECF No. 90 at 17).

The following day, Plaintiff was evaluated by Nurse Martha Major. (ECF No. 95–6 at 4). During her deposition, she stated that, "[I]f he had had a seizure, then he should have went to the emergency room." (ECF No. 95–4 at 9). But since he did not have a seizure (and could fabricate a lie after being knocked unconscious), Nurse Major determined that Plaintiff lacked the type of neural deficits that evidence a concussion. (ECF No. 85–5 at 8–9, 12). Nurse Major agreed that Plaintiff suffered from "a simple laceration" and had no complaints about the treatment rendered by Defendant Hill and Deputy Tassone. (ECF No. 85–5 at 15–16).

Plaintiff filed suit in this Court in October 2016. (ECF No. 1). He argues in Count 1 that Defendants Hill and LeMarr failed to protect him from the attack. He further argues in Count 2 that Defendant LeMarr failed to obtain prompt medical treatment for him. Defendants filed a joint motion for summary judgment on both counts. Magistrate Judge Daly recommended that the Court deny

---

[2] Steri-Strips are adhesive bandages "used in the closure of lacerations." 3M™ Steri-Strip™ Reinforced Adhesive Skin Closures, 3M (last visited Oct. 22, 2019), https://bit.ly/31AvMav.

summary judgment on Count 1 and grant summary judgment on Count 2. Plaintiff objected to the latter recommendation.

**III.     LAW & ANALYSIS**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A fact is "genuine" when it is reasonably contestable, SMS Demag Aktiengesellschaft v. Material Scis. Corp., 565 F.3d 365, 368 (7th Cir. 2009), and a fact is "material" when it might affect the outcome of the suit, Taylor-Novotny v. Health Alliance Med. Plans, Inc., 772 F.3d 478. 488 (7th Cir. 2014). The Court may not weight the evidence to resolve factual disputes or make credibility determinations; it must only determine whether there is a genuine issue for trial. Hasan v. Foley & Lardner LLP, 552 F.3d 520, 526 (7th Cir. 2008). The record must be viewed in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Claims by pretrial detainees under the Fourteenth Amendment's Due Process Clause for deliberate indifference to serious medical needs are assessed under the Eighth Amendment's objective-reasonableness standard. Miranda v. County of Lake, 900 F.3d 335, 352–53 (7th Cir. 2018). Delaying treatment may constitute deliberate indifference if such delay "exacerbated the injury or unnecessarily prolonged an inmate's pain." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Estelle v. Gamble, 429 U.S. 97, 104–105 (1976)). Importantly, however, "there is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." Jackson v. Pollion, 733 F.3d 786, 790 (7th Cir. 2013). As the Seventh Circuit explained in Williams v. Liefer, "In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer 'verifying medical evidence' that the delay (rather than the inmate's underlying condition) caused some degree of harm. That is, a plaintiff must offer medical evidence

that tends to confirm or corroborate a claim that the delay was detrimental." 491 F.3d 710, 714–15 (7th Cir. 2007) (internal citations omitted).

The Court noted during its threshold review of the complaint that Count 2 against Defendant LeMarr addresses the alleged *delay* in treatment—not the treatment itself. (ECF No. 9 at 5–6). At that early stage of this case, the Court only knew that Defendant LeMarr made Plaintiff "wait for an undetermined period of time before he summoned Hill and Tassone." (ECF No. 9 at 6). During Plaintiff's deposition, however, he testified that approximately ten-to-fifteen minutes went by before Defendant Hill and Deputy Tassone arrived.

Plaintiff failed to present any evidence of a detrimental effect caused by the ten-to-fifteen-minute delay between the time Plaintiff notified Defendant LeMarr and the time he received treatment by Defendant Hill and Deputy Tassone. To the contrary, Nurse Major testified that Plaintiff lacked the neural deficits that evidence a concussion and approved of the care ultimately provided to him. "An *unincarcerated* individual may well consider oneself fortunate if he receives medical attention at a standard emergency room within that short of a period of time." Knight v. Wiseman, 590 F.3d 458, 466 (7th Cir. 2009) (emphasis added). In short, there is no evidence that the delay exacerbated Plaintiff's injury or resulted in prolonged, unnecessary pain. Nor did Plaintiff present the Court with any verifying medical evidence that the delay caused him harm. Accordingly, summary judgment is appropriate with respect to Count 2.

**CONCLUSION**

The Court **ADOPTS** Magistrate Judge Daly's R&R **AS MODIFIED BY THIS ORDER**, (ECF No. 96), and **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment, (ECF No. 88).

**SO ORDERED.**

**Dated: Tuesday, November 5, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
